**UNITED STATES of America,**
**Plaintiff,**

v.

**Hal Wayne SAWYER, a/k/a "Low–Key", Defendant.**

**No. Crim. 99–50070–01.**

United States District Court,
E.D. Michigan,
Southern Division.

March 8, 2001.

Nancy A. Abraham, U.S. Attorney's Office, Flint, MI, for plaintiff.

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT III OF THE INDICTMENT

GADOLA, District Judge.

Before the Court is Defendant Hal Wayne Sawyer's Motion to Dismiss Count III of the Indictment. Defendant argues that Count III should be dismissed on the grounds that the application of the federal arson statute, 18 U.S.C. § 844(i), in this case exceeds the limits of Congress's authority to enact laws under the Commerce Clause of the United States Constitution and, therefore, is unconstitutional. *See* U.S. Const. art. I, § 8; *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000); *see also United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) (Congress lacked the authority under the Commerce Clause to enact the civil remedy provided in the Violence Against Women Act of 1994, 42 U.S.C. § 13981); *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (Congress lacked the authority under the Commerce Clause to prohibit possession of firearm in school zone in the Gun–Free School Zones Act of 1990, 18 U.S.C. § 922(q)(1)(A)).

The pertinent facts of this case are not in dispute. On February 23, 1998, Defendant threw a Molotov cocktail at the residence located at 1410 New York Street in Flint, Michigan. At that time, Robert and Cathy Lewis owned that residence and Daniel Guillen rented and occupied that residence. Also at that time, Guillen was several months in arrears on his rent. Defendant was charged with a violation of Section 844(i), among other offenses, in a August 25, 1999 Indictment. On October 26, 1999, Defendant pled guilty to Counts III and XI.

■ Defendant now argues that because Guillen may have been in arrears on his rent payments, the property was not actively used in an activity affecting interstate commerce as required by Section 844(i). Section 844(i) reads, in relevant part, as follows:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property *used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce* shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both....

18 U.S.C. § 844(i) (emphasis added).

In *Jones*, a unanimous Supreme Court held that Section 844(i) "covers only property currently used in commerce or in an activity affecting commerce." 120 S.Ct. at 1912. The Supreme Court vacated the conviction of a defendant who was found guilty of arson of an owner-occupied dwelling because the building was not used in commerce or in an activity affecting commerce. *Id.* The Supreme Court concluded that in order to be "used" in interstate commerce or in an activity affecting interstate commerce a building must be actively employed for interstate commercial purposes; "a passive, passing, or past connection with commerce" is not sufficient. *Id.* at 1910.

In *Jones*, the Supreme Court also cited with approval *Russell v. United States*, 471 U.S. 858, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985), in which the Supreme Court concluded that the rental of real estate is an activity affecting commerce for purposes of Section 844(i). *See Jones*, 120 S.Ct. at 1911; *Russell*, 471 U.S. at 862, 105 S.Ct. 2455. In *Jones*, the Supreme Court summarized its prior ruling in *Russell* as follows:

> We previously construed § 844(i) in *Russell v. United States*, 471 U.S. 858[, 105 S.Ct. 2455, 85 L.Ed.2d 829] (1985), and there held that § 844(i) applies to a building "used as rental property," *ibid.* The petitioner-defendant in *Russell* had unsuccessfully attempted to set fire to a two-unit apartment building he owned. He earned rental income from the property and "treated it as business property for tax purposes." *Id.*, at 859[, 105 S.Ct.

2455]. Our decision stated as the dispositive fact: "Petitioner was renting his apartment building to tenants at the time he attempted to destroy it by fire." *Id.,* at 862[, 105 S.Ct. 2455]. It followed from that fact, the *Russell* opinion concluded, that "[t]he property was ... being used in an activity affecting commerce within the meaning of § 844(i)." *Ibid.*

*Jones,* 120 S.Ct. at 1909.

■ The *Lopez* Court "identified three broad categories of activity that Congress may regulate under its commerce power." *Lopez,* 514 U.S. at 558–59, 115 S.Ct. 1624. Under its commerce power, Congress may regulate: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; (3) those activities having a substantial relation to or substantial affect on interstate commerce. *See id.* The *Russell* Court also recognized this distinction, but obliquely concluded that renting property is "unquestionably" an activity that substantially affects interstate commerce. In *Russell,* the Supreme Court,

> referred to the recognized distinction between legislation limited to activities "in commerce" and legislation invoking Congress' full power over activity *substantially* "*affecting ... commerce.*" The *Russell* opinion went on to observe, however, that "[b]y its terms," *§ 844(i)* applies only to "*property that is 'used' in an 'activity' that affects commerce.*" "*The rental of real estate,*" the Court then stated, "*is unquestionably such an activity.*"

*Jones,* 120 S.Ct. at 1911 (citations omitted and emphasis added).

There is no dispute that the building in question here was used as rental property. Defendant argues that because the occupant owed several months' rent, the building was not actively used as rental property. The Government correctly responds that whether or not the rent was up-to-date is irrelevant because the building was used as rental property. *See United*

*States v. Turner,* 995 F.2d 1357, 1362 (6th Cir.1993) (holding that a building's character as rental property, even if vacated for renovation, satisfies the interstate nexus requirement of Section 844(i): "property routinely used in interstate commerce activity does not lose its interstate characteristics because of a temporary cessation of that activity"); *United States v. Martin,* 63 F.3d 1422, 1427 (7th Cir.1995) (holding that the temporary cessation of rental activity where property is still available for rent was sufficient to meet the statutory interstate requirement); *United States v. Parsons,* 993 F.2d 38, 40 (4th Cir.1993) (holding that vacancy does not change the character of rental property); *United States v. Medeiros,* 897 F.2d 13, 16 (1st Cir.1990) (agreeing that rental property is *per se* property used in interstate commerce and concluding that the "tenants departure ... did not necessarily sever the property's ties to interstate commerce for the purposes of § 844(i)"). In light of *Russell* and Courts of Appeals' application of *Russell,* this Court concludes that, because the building at 1410 New York Street was rental property, it was used in an activity affecting commerce within the meaning of Section 844(i). Therefore, this Court will deny Defendant's motion to dismiss Count III of the Indictment.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count III of the Indictment [Docket Entry 148] is **DENIED.**

**SO ORDERED.**